IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL OCHOA RENDON, | No. C-06-2060 MMC |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; VACATING HEARING** |
| v. | |
| MICHAEL CHERTOFF, et al., | |
| Respondents / | |

    Before the Court is petitioner Rafael Ochoa Rendon's petition for a writ of habeas corpus, filed March 17, 2006. Respondents Michael Chertoff, Nancy Alcantar and Alberto Gonzales have filed a return, to which petitioner filed a reply/traverse. Having considered the papers filed in support of and in opposition to the petition, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for May 26, 2006, and rules as follows.

**BACKGROUND**

    On May 26, 1998, petitioner was ordered to appear before an immigration judge to respond to the charge that he was an arriving alien subject to removal. (See Petition Ex. C.) During the time petitioner was in removal proceedings, he did not file a Form I-485 application to adjust his status because, according to petitioner, such application would

have been denied pursuant to 8 C.F.R. § 245.1(c)(8).[1]  (See Petition ¶ 17.)  Petitioner, however, did file an application for cancellation of removal on the ground his removal would result in hardship to his children.  (See Petition Ex. H.)  On July 31, 2003, an immigration judge denied petitioner's application for cancellation of removal and ordered petitioner removed.  (See Petition Ex. K.)  On October 21, 2004, the Board of Immigration Appeals ("BIA") affirmed the immigration judge's finding that petitioner was not entitled to cancellation of removal.  (See Petition Ex. L.).  On April 11, 2005, the Ninth Circuit dismissed petitioner's petition for review on the ground petitioner failed to raise a "colorable constitutional violation."  (See Petition Ex. N.)  On November 25, 2005, the Ninth Circuit dismissed petitioner's second petition for review on the ground the second petition was "untimely and duplicative of [the first] petition for review."  (See Petition Ex. Q.)

Meanwhile, on September 30, 2005, the Ninth Circuit, in Bona v. Gonzales, 425 F. 3d 663 (9th Cir. 2005), held § 245.1(c)(8) invalid, on the ground said regulation conflicted with 8 U.S.C. § 1255(a).  See id. at 668.  On March 17, 2006, petitioner filed the instant petition, alleging his entitlement to "an order by the District Court remanding proceedings to the [BIA] for consideration of his application for adjustment of status," (see Petition ¶ 23), and attaching thereto as an exhibit a completed Form I-485 application, (see Petition Ex. V).  Thereafter, on March 20, 2006, petitioner was removed.

## DISCUSSION

At the outset, respondent argues that the instant petition is moot by reason of petitioner's removal.  As petitioner points out, however, the petition is not moot because petitioner remains subject to collateral consequences from the order of removal, specifically, he is ineligible for admission for a period of five years.  See 8 U.S.C. § 1182(a)(9)(A) (providing alien ordered removed is inadmissible for five years); Zegarra-Gomez v. I.N.S., 314 F. 3d 1124, 1127 (9th Cir. 2003) (holding petition filed by alien while

---

[1] At the time petitioner was in removal proceedings, § 245.1(c)(8) provided that "arriving aliens" were precluded from "applying for adjustment of status."  See Bona v. Gonzales, 425 F. 3d 663, 667 (9th Cir. 2005).

2

in custody not moot based on subsequent removal, where alien subject to "collateral consequences" from order of removal, such as inability to return to United States during specified period).

Respondent next argues the Court lacks jurisdiction to review the petition. A district court lacks jurisdiction to review an order of removal, whether by way of a petition for a writ of habeas corpus or otherwise. See 8 U.S.C. § 1252(a)(5). In an attempt to avoid the strictures of § 1252(a)(5), petitioner argues the relief he seeks falls outside the scope of § 1252(a)(5), and, alternatively, that application of § 1252(a)(5) in this instance would violate the Suspension Clause.

Petitioner's argument that the instant petition falls outside the scope of § 1252(a)(5) is not persuasive. According to petitioner, his claim that § 245.1(c)(8) is unlawful did not arise until after the instant order of removal became final, i.e., when the Ninth Circuit issued Bona. Based on that assumption, petitioner appears to be arguing he is not challenging herein the validity of the removal order. This argument fails for two reasons. First, Bona did not announce a new right; rather, Bona held § 245.1(c)(8) invalid as of the date of its promulgation. See Bona, 314 F. 3d at 664 (holding § 245.1(c)(8) "is in conflict with the governing statute and is thus invalid"); Beverly Hospital v. Bowen, 872 F. 2d 483, 484 (Fed. Cir. 1989) (holding where regulation is in conflict with its governing statute, regulation is "void ab initio"). In other words, petitioner's claim as to the invalidity of § 245.1(c)(8) existed before Bona and petitioner could have challenged the validity of that regulation during the course of his removal proceedings. Second, as noted, petitioner seeks herein an order of remand to the BIA. Irrespective of how petitioner characterizes the instant challenge, the matter that would be remanded is the BIA's order of October 21, 2004, which order constitutes the final order of removal. Accordingly, the Court finds the jurisdictional bar set forth in 8 U.S.C. § 1252(a)(5) is applicable to the instant petition.

Petitioner's argument that application of § 1252(a)(5) herein would violate the Suspension Clause, and, thus, that the Court should consider his petition on the merits, likewise is unpersuasive. Petitioner's argument is premised on his contention that

3

§ 245.1(c)(8) was invalidated after the instant order of removal became final, and that if he now filed a motion to reopen proceedings in order to file a Form I-485, he would be unsuccessful because such motion must be filed with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." See 8 C.F.R. § 1003.2(c)(2). The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." See U.S. Const. art. I, § 9, cl. 2. Where a statute provides that a person may not file a petition for a writ of habeas corpus, but does provide for "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention," the Suspension Clause is not violated. See Swain v. Pressley, 430 U.S. 372, 381 (1977).

Here, as noted, petitioner could have challenged the validity of § 245.1(c)(8) during his removal proceedings. Had he done so and the BIA ruled adversely, petitioner could have, pursuant to § 1252(a)(5), filed a petition for review with the Ninth Circuit, which remedy would have been adequate and effective to test the legality of his detention. See Enwonwu v. Gonzales, 438 F. 3d 22, 33 (1st Cir. 2006) (holding where detainee seeks to raise "pure questions of law," § 1252(a)(5)'s requirement that detainee file petition for review with circuit court, rather than petition for writ of habeas corpus with district court, does not violate Suspension Clause); see also Iasu v. Chertoff, — F. Supp. 2d — , 2006 WL 988321 (S.D. Cal. 2006) (dismissing petition for writ of habeas corpus pursuant to § 1252(a)(5); holding petitioner could not demonstrate violation of Suspension Clause where petitioner had opportunity to raise issues presented by filing petition for review with Ninth Circuit, even though petitioner had not done so).[2] Indeed, the petitioner in Bona followed this precise procedure. See Bona, 425 F. 3d at 666, 667 n. 4 (considering,

---

[2] The Court further notes that, contrary to petitioner's argument, he is not precluded from seeking relief from the BIA at the present time. See 8 C.F.R. § 1003.2(a) (providing BIA "may at any time reopen . . . any case in which it has rendered a decision"); see Ekimian v. I.N.S., 303 F. 3d 1153, 1157 (9th Cir. 2002) (noting BIA has discretion to grant "party-filed motion" requesting BIA exercise its authority to reopen removal proceedings sua sponte).

pursuant to 8 U.S.C. § 1252(a), petition for review of BIA's final order of removal, in which BIA affirmed immigration judge's denial of petitioner's application to adjust status in light of § 245.1(c)(8); characterizing petitioner's argument that § 245.1(c)(8) was invalid as "pure issue of law"). Accordingly, the Court finds dismissal of the instant petition pursuant to § 1252(a)(5) would not violate the Suspension Clause.

## CONCLUSION

For the reasons stated, the petition is hereby DISMISSED, without prejudice, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 24, 2006

MAXINE M. CHESNEY
United States District Judge

5